**EXHIBIT A**
**PLAINTIFF'S COLLECTIVE AND CLASS ACTION**
**COMPLAINT**

FILED

2020 DEC 23  PM 1: 50

STOREY COUNTY CLERK

BY

Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
*Attorneys for Plaintiff and the Putative Classes*

**IN THE FIRST JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA IN AND FOR THE
COUNTY OF STOREY**

| | |
|---|---|
| CHRISTOPHER NELSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 20-TRT 00004 1E<br><br>Dept. No.: 1<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(EXEMPT FROM ARBITRATION PURSUANT TO NAR 5)**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>2) Failure to Pay Minimum Wages in Violation of the Nevada Constitution;<br><br>3) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;<br><br>4) Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018; and<br><br>5) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050.<br><br>**LIEN REQUESTED PURSUANT TO NRS 608.050**<br><br>**JURY TRIAL DEMANDED** |

- 1 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1   COMES NOW Plaintiff CHRISTOPHER NELSON on behalf of himself and all other
2   similarly situated and typical persons and alleges the following:

3   All allegations in the Complaint are based upon information and belief except for those
4   allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in the
5   Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable
6   opportunity for further investigation and discovery.

7                                    **JURISDICTION AND VENUE**

8   1.      This Court has original jurisdiction over the federal claim alleged herein pursuant
9   to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover
10  the liability prescribed in either of the preceding sentences may be maintained against any
11  employer (including a public agency) in any Federal or State court of competent jurisdiction by
12  any one or more employees for and in behalf of himself or themselves and other employees
13  similarly situated."

14  2.      The Court has original jurisdiction over the state law claims alleged herein because
15  the amount in controversy exceeds $15,000 and a party seeking to recover unpaid wages has a
16  private right of action pursuant to Nevada Revised Statute ("NRS") sections 608.140, 608.018,
17  and 608.020-.050. *See Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.,* 133 Nev. Adv. Op.
18  95 (Dec. 7, 2017), 406 P.3d 499 (2017). Plaintiff made a proper demand for wages due pursuant
19  to NRS 608.140.

20  3.      Plaintiff also claims a private cause of action to foreclose a lien against the
21  property owner for wages due pursuant to NRS 608.050.

22  4.      Venue is proper in the Court because the Defendant named herein maintains a
23  principal place of business or otherwise is found in the judicial district and many of the acts
24  complained of herein occurred in Storey County, Nevada.

25                                          **PARTIES**

26  5.      Plaintiff CHRISTOPHER NELSON (hereinafter "Plaintiff" or "Mr. Nelson") is a
27  natural person who is and was a resident of the State of Nevada at all relevant times herein. Mr.
28

1  Nelson was employed by Defendant as a non-exempt hourly employee from on or about October
2  1, 2007 to the present.

3       6.    Defendant WAL-MART ASSOCIATES, INC. (hereinafter "Defendant" or
4  "Walmart") is a foreign corporation incorporated in the state of Delaware, with a principal place
5  of business in Bentonville, Arkansas, and is an employer engaged in commerce under the
6  provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and is an employer
7  under NRS 608.011.

8       7.    The identity of DOES 1-50 is unknown at the time and the Complaint will be
9  amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes
10  that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions,
11  or representations alleged herein and any reference to "Defendant," "Defendants," "Walmart"
12  herein shall mean "Defendant and each of them."

13  **FACTUAL ALLEGATIONS**

14       8.    Defendant operates approximately 44 food distribution warehouses across the
15  country.

16       9.    Plaintiff has been employed by Defendant as a non-exempt hourly paid warehouse
17  worker at Defendant's food distribution warehouse located at 2195 NV-439, Sparks, NV 89434.

18       10.    Defendant's food distribution warehouses are divided into "dry" and "cold"
19  sections; Plaintiff has worked in both.

20       11.    Plaintiff is currently assigned to the dry section as a "Processor". Plaintiff's
21  current rate of pay is $22.35 an hour; his base overtime rate is $33.53.

22       12.    Prior to his current assignment, Plaintiff was assigned to the cold section as a
23  "Processor." Plaintiff's rate of pay in the cold section at the time of his transfer to the dry section
24  was $22.60 an hour; his base overtime rate was $33.90.

25       13.    Plaintiff is currently assigned to work four (4) shifts per workweek, for ten (10)
26  hours each shift. Plaintiff's currently scheduled shift time is from 4:00 a.m. to 2:30 p.m., with a
27  thirty (30) minute unpaid lunch break.

28

1       14.    Defendant requires that Plaintiff and all other similarly situated employees be at

2   their assigned station and ready to work at the shift start time.

3       15.    This case concerns the pre-shift activities that Plaintiff and all other similarly

4   situated employees were required to perform without compensation in both the dry and cold

5   sections at Defendant's food processing warehouses.

6                                            **Dry Section Pre-Shift Activities**

7       16.    Defendant requires Plaintiff and all other similarly situated employees to be ready

8   to work at shift start time.

9       17.    In order to be ready to work at the shift start time, Defendant requires that Plaintiff

10  and all other similarly situated employees retrieve a mobile scanner and printer from the system

11  control window. Plaintiff and all other similarly situated employees scan their employee badges

12  at the control window in order to check out their equipment, thereby generating a data trail (and

13  presumably a time stamp).

14      18.    The mobile scanner and printer are integral and indispensable to the job of a

15  warehouse worker in the dry section of Defendant's warehouses. Plaintiff and all other similarly

16  situated employees use this equipment throughout their workday to inventory and label products

17  for ultimate distribution to Defendant's retail locations.

18      19.    Despite the integral and indispensable nature of the equipment to the job of a

19  warehouse worker, Defendant does not compensate Plaintiff or any other similarly situated

20  employee for the time it takes to retrieve these items before their scheduled shifts.

21      20.    Plaintiff estimates that he regularly retrieves his equipment approximately fifteen

22  (15) minutes prior to his scheduled shift so that he has sufficient time to (i) check out the

23  equipment and (ii) proceed to his station for his start-up meeting at the start of his shift. Because

24  Plaintiff is not compensated for these dry section pre-shift activities, Plaintiff alleges that he is

25  entitled to recover 15-minutes in wages for each and every shift that he has worked over the

26  relevant time period alleged herein.

27

28

1       21.    For example, in the pay period from October 10, 2020 to October 23, 2020, Plaintiff worked 81.35 hours.[1] During that pay period, Plaintiff worked Tuesday October 13, 2020 through Friday October 16, 2020 and then again from Tuesday October 20, 2020 through Friday October 23, 2020. He worked a total of four (4) shifts each of those workweeks. Because he was not compensated for the dry section pre shift work activities described above, and since Plaintiff worked at least forty (40) hours for each workweek, the unpaid dry section pre shift activities are owed at Plaintiff's overtime rate of $33.53. Plaintiff is owed 1 hour for each workweek (15-minutes per shift) at his overtime rate. Therefore, Plaintiff must be compensated $33.53 for each of these two exemplar workweeks.

22.    While the above exemplar demonstrates one pay period and two workweeks wherein Plaintiff is owed unpaid wages, he seeks all the owed and unpaid wages due and owing to him and to all other similarly situated employees over the full course of the relevant time period alleged in this complaint.

## Cold Section Pre-Shift Activities

23.    Prior to his re-assignment to the dry section on or about August 18, 2020, Plaintiff worked for years in the cold section.

24.    As with its "ready for work" policy in the dry section, Defendant required Plaintiff and all other similarly situated employees to be ready to work at shift start time in the cold section too.

25.    While Plaintiff was not required to retrieve a scanner or printer prior to his shift in the cold section, he and all other similarly situated employees were required to don personal protective equipment (PPE)—i.e., freezer gear—prior to the start of their respective shifts.

26.    The cold section is the freezer/refrigerator section of the food warehouse wherein freezer and refrigerated items are distributed. Understandably, Defendant requires all employees who work in the cold section to wear "cold store clothing" or "freezer wear" as PPE to prevent workplace illness due to the cold environment. Therefore, Defendant requires Plaintiff and all

---

[1] A true and correct copy of this online paystub for the pay period of October 10, 2020 to October 23, 2020 is attached hereto as Exhibit 2.

COLLECTIVE AND CLASS ACTION COMPLAINT

1  other similarly situated employees to don the following PPE prior to the start of their respective
2  shifts:

3  • RefrigiWear insulated bibs[2];

4  • RefrigiWear thermal jacket;

5  • Thermal hooded sweatshirt;

6  • Stocking hat; and

7  • Wool socks.

8  27.  Plaintiff and all other similarly situated employees were not compensated for the
9  time they spent to don this PPE. Plaintiff and all other similarly situated employees were expected
10  to don this PPE with enough time prior to the start of their respective shifts so that their PPE was
11  fully donned and they were ready to start working at the beginning of the shift.

12  28.  Plaintiff estimates that it regularly took him approximately fifteen (15) minutes
13  prior to his scheduled shift so that he has sufficient time to (i) don his PPE and (ii) proceed to his
14  station for his start-up meeting at the start of his shift. Because Plaintiff was not compensated for
15  these cold section pre-shift activities, Plaintiff alleges that he is entitled to recover 15-minutes in
16  wages for each and every shift that he has worked over the relevant time period alleged herein.

17  ///

18  ///

19

20  [2] RefrigiWear markets their PPE to cold storage employers and employees:

21  Cold storage employees are dedicated to ensuring the proper care
22  and storage of customers' products, which means a cold working
    environment no matter the season. RefrigiWear has spent the last 60
23  years helping cold storage employees stay warm and protected in
    the cooler and freezer while they work. We offer cold apparel like
24  our iconic Iron-Tuff line and our stylish softshell options. We help
    you keep a professional look with embroidery services and stylish
25  cooler and freezer gear that helps you master the cold. Whether it is
    jackets, pants, base layers, boots, or one of our many other products,
26  RefrigiWear has the gear to keep cold storage employees protected
27  from the cold.

28  *See* https://www.refrigiwear.com/view/cold-storage (last visited Dec. 2, 2020).

- 6 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1    29.    For example, in the pay period from June 20, 2020 to July 3, 2020, Plaintiff worked

2    80.68 hours.[3] During that pay period, Plaintiff is informed and believes that he worked Tuesday

3    June 23, 2020 through June 26, 2020 and then again from Tuesday June 30, 2020 through Friday

4    July 3, 2020. He worked a total of four (4) shifts each of those workweeks. Because he was not

5    compensated for the cold section pre shift work activities described above, and since Plaintiff

6    worked at least forty (40) hours for each workweek, the unpaid cold section pre shift activities

7    are owed at Plaintiff's overtime rate of $33.90. Plaintiff is owed 1 hour for each workweek (15-

8    minutes per shift) at his overtime rate. Therefore, Plaintiff must be compensated $33.90 for each

9    of these two exemplar workweeks.

10   30.    While the above exemplar demonstrates one pay period and two workweeks

11   wherein Plaintiff is owed unpaid wages, he seeks all the owed and unpaid wages due and owing

12   to him and to all other similarly situated employees over the full course of the relevant time period

13   alleged in this complaint.

14                    **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

15   31.    Plaintiff realleges and incorporates by this reference all the paragraphs above in

16   this Complaint as though fully set forth herein.

17   32.    Plaintiff brings this action on behalf of himself and all other similarly situated and

18   typical employees as a collective action under the federal Fair Labor Standards Act ("FLSA").

19   Plaintiff brings this action on behalf of himself and the following Classes of individuals

20   (hereinafter collectively referred to as the "FLSA Classes"):

21          **FLSA Dry Section Class:**    All non-exempt hourly paid food
22                                          distribution warehouse employees who
                                            (i) were employed by Defendant in the
23                                          United States at any time within 3 years
                                            from the filing of the original complaint
24                                          in this action, (ii) worked in the dry
                                            section of the food distribution
25                                          warehouse, and (iii) were required to
26                                          retrieve a scanner, printer, or other
                                            electronic device, pre-shift.
27

28          [3] A true and correct copy of this online paystub for the pay period of June 20, 2020 to
     July 3, 2020, is attached hereto as Exhibit 3.

                                              - 7 -
                          COLLECTIVE AND CLASS ACTION COMPLAINT

1

**FLSA Cold Section Class:** All non-exempt hourly paid food distribution warehouse employees who (i) were employed by Defendant in the United States at any time within 3 years from the filing of the original complaint in this action, (ii) worked in the cold section of the food distribution warehouse, and (iii) were required to don cold storage personal protective equipment (PPE) pre-shift.

33. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those he seeks to represent because Plaintiff and all potential FLSA Dry Section and Cold Section Class members are alleged victims of Defendant's allegedly unlawful pre-shift work requirements.

34. The statute of limitations under the FLSA is 3 years for willful violations. Defendant's policies of denying compensation for the time spent (i) retrieving equipment pre-shift in the dry section of the food distribution warehouse and (ii) donning PPE pre-shift, are legally untenable. Defendant has sought to avoid its wage-hour obligations by neglecting to compensate employees for these pre-shift work activities. Defendant's reasons for denying compensation for these activities was a financial decision and Defendant has unlawfully retained wages that should otherwise have been paid out to Plaintiff and all putative FLSA Dry Section and Cold Section Class members. Accordingly, Defendant's conduct in this regard has been willful.

35. Plaintiff has signed a Consent to Sue form, which is attached hereto as Exhibit 1.

## CLASS ACTION ALLEGATIONS

36. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

37. Plaintiff brings this action on behalf of himself and the following Classes of individuals (hereinafter collectively referred to as the "Nevada Classes"):

- 8 -
COLLECTIVE AND CLASS ACTION COMPLAINT

**Nevada Dry Section Class:**    All non-exempt hourly paid food distribution warehouse employees who (i) were employed by Defendant in the State of Nevada at any time within 3 years from the filing of the original complaint in this action, (ii) worked in the dry section of the food distribution warehouse, and (iii) were required to retrieve a scanner, printer, or other electronic device, pre-shift.

**Nevada Cold Section Class:**    All non-exempt hourly paid food distribution warehouse employees who (i) were employed by Defendant in the State of Nevada at any time within 3 years from the filing of the original complaint in this action, (ii) worked in the cold section of the food distribution warehouse, and (iii) were required to don cold storage personal protective equipment (PPE) pre-shift.

38. NRCP Rule 23 Class treatment for all claims alleged in this complaint is appropriate in this case for the following reasons:

A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 1,000 Nevada Class Members within the applicable statute of limitations. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the identity and ascertainability of members of the Nevada Classes as well as their numerosity.

B. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and the Class, including, without limitation, the following: Whether the dry section pre-shift activities are compensable under Nevada law; Whether the cold section pre-shift donning of PPE is compensable under Nevada law; Whether members of the Nevada Classes who are former employees are entitled to continuation wages in the event that they are successful in the underlying claims for compensation.

C. <u>Plaintiff's Claims are Typical to Those of Fellow Class Members</u>: Each member of the Nevada Classes is and was subject to the same practices, plans, and/or policies as

COLLECTIVE AND CLASS ACTION COMPLAINT

1  Plaintiff, as follows: Defendant required Plaintiff and all members of the Nevada Dry Section

2  Class to retrieve equipment pre-shift without compensation; Defendant required Plaintiff and all

3  members of the Nevada Cold Section Class to don PPE pre-shift without compensation.

4            D.     <u>Plaintiff is an Adequate Representatives of the Class</u>:  Plaintiff will fairly

5  and adequately represent the interests of the Classes because Plaintiff is a member of the Nevada

6  Classes, he has issues of law and fact in common with all members of the Nevada Classes, and

7  he does not have any interests antagonistic to members of the Nevada Classes.  Plaintiff and

8  counsel are aware of their fiduciary responsibilities to Class Members and are determined to

9  discharge those duties diligently and vigorously by seeking the maximum possible recovery for

10  Class Members as a group.

11            E.     <u>Predominance/Superiority</u>:   Common questions predominate over

12  individualized issues.  A class action is also superior to other available means for the fair and

13  efficient adjudication of their controversy.  Each Class Member has been damaged and is entitled

14  to recovery by reason of Defendant's illegal policy and/or practice of failing to compensate its

15  employees in accordance with federal and Nevada wage and hour law.  The prosecution of

16  individual remedies by each Class Member will be cost prohibitive and may lead to inconsistent

17  standards of conduct for Defendant and result in the impairment of Class Members' rights and

18  the disposition of their interest through actions to which they were not parties.

19  **FIRST CAUSE OF ACTION**

20  **Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

21  (On Behalf of Plaintiff and Members of the FLSA Classes Against Defendant)

22       39.    Plaintiff realleges and incorporates by reference all the paragraphs above in the

23  Complaint as though fully set forth herein.

24       40.    29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided

25  in the section, no employer shall employ any of his employees who in any workweek is engaged

26  in commerce or in the production of goods for commerce, or is employed in an enterprise engaged

27  in commerce or in the production of goods for commerce, for a workweek longer than forty hours

28

- 10 -

COLLECTIVE AND CLASS ACTION COMPLAINT

1  unless such employee receives compensation for his employment in excess of the hours above
2  specified at a rate not less than one and one-half times the regular rate at which he is employed."

3  41.   By failing to compensate Plaintiff and FLSA Class Members for time spent
4  engaging in pre-shift activities set forth above, Defendant failed to pay Plaintiff and members of
5  the FLSA Classes overtime for all hours worked in excess of forty (40) hours in a week in
6  violation of 29 U.S.C. Section 207(a)(1).

7  42.   Defendant's unlawful conduct has been widespread, repeated, and willful.
8  Defendant knew or should have known that its policies and practices have been unlawful and
9  unfair.

10  43.   Wherefore, Plaintiff demands for himself and for all others similarly situated, that
11  Defendant pay Plaintiff and all members of the FLSA Classes one and one-half times their regular
12  hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant
13  time period together with liquidated damages, attorneys' fees, costs, and interest as provided by
14  law.

15  ## SECOND CAUSE OF ACTION

16  **Failure to Pay Minimum Wages in Violation of the Nevada Constitution**

17  (On Behalf of Plaintiff and Members of the Nevada Classes Against Defendant)

18  44.   Plaintiff realleges and incorporates by this reference all the paragraphs above in
19  this Complaint as though fully set forth herein.

20  45.   Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage
21  requirements in the State of Nevada and further provides that "[t]he provisions of the section may
22  not be waived by agreement between an individual employee and an employer. . . . An employee
23  claiming violation of the section may bring an action against his or her employer in the courts of
24  the State to enforce the provisions of the section and shall be entitled to all remedies available
25  under the law or in equity appropriate to remedy any violation of the section, including but not
26  limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in
27  any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs."

28

- 11 -
COLLECTIVE AND CLASS ACTION COMPLAINT

46. By failing to compensate Plaintiff and all other members of the Nevada Classes for the time spent engaging in pre-shift activities set forth above, Defendant failed to pay Plaintiff and members of the Nevada Classes the minimum wage amount for all hours worked in violation of the Nevada Constitution.

47. Wherefore, Plaintiff demands for himself and for all other Class Members that Defendant pays Plaintiff and members of the Nevada Classes their unpaid minimum wages for all hours worked during the relevant time period alleged herein, together with attorneys' fees, costs, interest, and punitive damages, as provided by law.

## THIRD CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiff and Members of the Nevada Classes Against Defendant)

48. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

49. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

50. NRS 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

51. Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

52. By failing to compensate Plaintiff and members of the Nevada Classes for the time spent engaging in the pre-shift activities set forth above, Defendant failed to pay Plaintiff and members of the Nevada Classes for all hours worked in violation of NRS 608.140 and 608.016.

53. Wherefore, Plaintiff demands for himself and for all Class Members payment by Defendant at their regular rate of pay, or any applicable overtime premium rate, whichever is

- 12 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1  higher, for all hours worked but not paid during the relevant time period alleged herein, together

2  with attorneys' fees, costs, and interest as provided by law.

3  **FOURTH CAUSE OF ACTION**

4  **Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

5  (On Behalf of Plaintiff and all members of the Nevada Classes)

6  54.  Plaintiff realleges and incorporates by this reference all the paragraphs above in

7  this Complaint as though fully set forth herein.

8  55.  NRS 608.140 provides that an employee has a private right of action for unpaid

9  wages.

10  56.  NRS 608.018(1) provides as follows:

11  An employer shall pay 1 1/2 times an employee's regular wage rate
12  whenever an employee who receives compensation for employment at a rate
less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250
13  works: (a) More than 40 hours in any scheduled week of work; or (b) More
than 8 hours in any workday unless by mutual agreement the employee
14  works a scheduled 10 hours per day for 4 calendar days within any
15  scheduled week of work.

16  57.  NRS 608.018(2) provides as follows:

17  An employer shall pay 1 1/2 times an employee's regular wage rate
whenever an employee who receives compensation for employment at a rate
18  not less than 1 1/2 times the minimum rate prescribed pursuant to NRS
608.250 works more than 40 hours in any scheduled week of work.
19

20  58.  By failing to compensate Plaintiff and all other members of the Nevada Classes

21  for the time spent engaging in pre-shift activities as set forth above, Defendant failed to pay

22  Plaintiff and members of the Nevada Classes daily overtime premium pay to those members of

23  the Nevada Classes who were paid a regular rate of less than one and one-half times the minimum

24  wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half

25  their regular rate for all members of the Nevada Classes who worked in excess of forty (40) hours

26  in a week in violation of NRS 608.140 and 608.018.

27  59.  Wherefore, Plaintiff demands for himself and for all members of the Nevada

28  Classes payment by Defendant at their applicable overtime premium rate for all hours worked but

- 13 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1   not paid during the relevant time period alleged herein, together with attorneys' fees, costs, and

2   interest as provided by law.

### FIFTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS**

**608.140 and 608.020-.050**

(On Behalf of Plaintiff and Members of the Nevada Classes Against Defendant)

60.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

61.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

62.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

63.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

64.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

65.     By failing to pay members of the Nevada Classes their applicable wages as described above, Defendant has failed to pay members of the Nevada Classes who are former employees all their wages due and owing at the time of their separation from employment.

66.     Despite demand, Defendant willfully refuses and continues to refuse to pay all members of the Nevada Classes who are former employees their full wages due and owing to them upon the termination of their employment.

67.     There is no good-faith defense to the imposition of continuation wages under NRS 608.040-.050. *See D'Amore v. Caesars Enterprise Svcs, LLC, et al.*, Case No. 2:18-cv-01990-JCM (Dec. 16, 2019).

68.     Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for all members of the Nevada Classes during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial pursuant to Nevada Rule of Civil Procedure 38.

### PRAYER FOR RELIEF

Wherefore Plaintiff, by himself and on behalf of all members of the Classes, pray for relief as follows relating to their class action allegations:

1.     For an order conditionally certifying the action under the FLSA and providing notice to all members of the FLSA Classes so they may participate in the lawsuit;

2.     For an order appointing Plaintiff as the Representative of the FLSA Classes and his counsel as Class Counsel;

3.     For damages according to proof for overtime compensation for all hours worked over 40 per week;

4.     For liquidated damages pursuant to 29 U.S.C. § 261(b);

5.     For an order certifying the Nevada Classes under Nevada Rule of Civil Procedure 23;

6.     For an order appointing Plaintiff as the Representative of the Classes and his counsel as Class Counsel;

7.     For damages according to proof for the applicable minimum rate pay under the Nevada Constitution for all hours worked;

COLLECTIVE AND CLASS ACTION COMPLAINT

8.  For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;

9.  For damages according to proof for overtime compensation under NRS 608.140 and 608.018 for all hours worked for those employees who earned a regular rate of less than one and one-half times the minimum wage for hours worked in excess of 8 hours per day and/or for all class members for overtime premium pay of one and one half their regular rate for all hours worked in excess of 40 hours per week;

10.  For continuation wages pursuant to NRS 608.140 and 608.040-.050;

11.  For a lien on the property where Plaintiff and all members of the Nevada Classes labored pursuant to NRS 608.050;

12.  For interest as provided by law at the maximum legal rate;

13.  For punitive damages;

14.  For reasonable attorneys' fees authorized by statute;

15.  For costs of suit incurred herein;

16.  For pre-judgment and post-judgment interest, as provided by law, and

17.  For such other and further relief as the Court may deem just and proper.

## AFFIRMATION

*The undersigned does hereby affirm that the preceding document does not contain "Personal Information" and agrees that upon the filing of additional documents in the above matter, an Affirmation will be provided only if the document contains a social security number (NRS 239B.030) or "personal information" (NRS 603A.04).*

DATED: 12/25/2020

Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Joshua R. Hendrickson

*Attorneys for Plaintiff*

**Index of Exhibits**

| NO. | DESCRIPTION | NO. OF PAGES |
|---|---|---|
| 1 | Consent to Join Form by Christopher Nelson | 1 |
| 2 | October 10, 2020 to October 23, 2020 Online Paystub | 2 |
| 3 | June 20, 2020 to July 3, 2020 Online Paystub | 2 |

- 17 -
COLLECTIVE AND CLASS ACTION COMPLAINT



THIERMAN | BUCK
              LAW FIRM

Thierman Buck
7287 Lakeside Drive
Reno, NV 89511

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), states, "No employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought" and unless the Court provides otherwise, the statute of limitations is tolled on the FLSA claims only when the Consent to Sue is filed with the Court.

Therefore, pursuant to the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 216(b), I Christopher Nelson hereby give my consent in writing to become a party plaintiff against my employer, former employer, and/or any and all of its affiliated entities, currently identified as WalMart (Company). I authorize the filing of a copy of this Consent form in Court, with my personal information redacted. I further consent to join this and/or any subsequent or amended suit against the same or related defendants for wage and hour violations.

Signature: *Ch―2h―*

Date signed: **10/13/20**

Print Name: **Christopher Nelson**

Address: ███████████████

            Reno, NV ██████

Telephone number: ████████

Email: **cnelson_06@yahoo.com**

Employer/Former Employer: **Walmart**

Doc ID: a4cf7d3b1313a51c6a7a432e3ba1cef47d402e50

# ⚁ HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | Template_Consent_...1013-1-yug5pg.pdf |
| **DOCUMENT ID** | a4cf7d3b1313a51c6a7a432e3ba1cef47d402e50 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

**This document was requested on thiermanbuck.cliogrow.com and signed on thiermanbuck.cliogrow.com**

## Document History

| | | |
|---|---|---|
| ⟲ **SENT** | **10 / 13 / 2020** 21:16:04 UTC | Sent for signature to Christopher Nelson (crnelson_06@yahoo.com) from jennifer@thiermanbuck.com IP: 24.176.187.110 |
| 👁 **VIEWED** | **10 / 13 / 2020** 23:12:08 UTC | Viewed by Christopher Nelson (crnelson_06@yahoo.com) IP: 174.248.180.143 |
| ⤶ **SIGNED** | **10 / 13 / 2020** 23:14:31 UTC | Signed by Christopher Nelson (crnelson_06@yahoo.com) IP: 174.248.180.143 |
| ✓ **COMPLETED** | **10 / 13 / 2020** 23:14:31 UTC | The document has been completed. |

Powered by ⚁ **HELLOSIGN**

Online Paystub                                    https://one.walmart.~~m/services/onlinepaystub/OnlinePaystub/jsp/psDis...

## Statement of Earnings and Deductions.

Wal-Mart Associates, Inc., 702 S.W. 8th St., Bentonville, Arkansas 72716. ☑ 479-273-4000

**Pay Period: 10/10/2020 - 10/23/2020**



| | Deposit Date: 10-29-2020 |
|---|---|
| | Advice # 542586917 |
| **PAID TO** | |
| **CHRISTOPHER R NELSON** | **$1,283.82** |

RENO, NV

Wells Fargo          CHECK DEPOSIT          xxxxxx          $1,283.82
THIS IS NOT A REAL CHECK

| EARNINGS | HOURS | RATE | CURRENT | YEAR TO DATE |
|---|---|---|---|---|
| REGULAR EARNING | 80.00 | $22.2500 | $1,780.00 | $34,214.24 |
| OVERTIME EARN | 1.35 | $33.3750 | $45.06 | $99.64 |
| COVID-LS | | | $0.00 | $300.00 |
| LUMP SUM HRLY | | | $0.00 | $600.00 |
| OVERTIME/INCT | | | $0.00 | $0.42 |
| PROT PTO USED | | | $0.00 | $223.00 |
| PTO PAY | | | $0.00 | $2,479.50 |
| CO STK CONT | | | $10.50 | $168.00 |
| REIMB NONTXBL | | | $0.00 | $1,192.24 |
| WHSE INCENTIVE | | | $0.00 | $1,500.87 |
| WRKDHRS | 81.35 | | | |
| **Total** | | | **$1,835.56** | **$40,837.91** |

| DEDUCTIONS | CURRENT | YEAR TO DATE |
|---|---|---|
| INS MEDICAL * | $29.20 | $641.29 |
| INS DENTAL * | $8.30 | $182.59 |
| INS AD&D * | $0.97 | $21.33 |
| INS STD | $5.21 | $134.00 |
| 401K * | $109.50 | $2,365.03 |
| CO STK CONT | $10.50 | $168.00 |
| STOCK PURCH | $70.00 | $1,120.00 |
| INS VIS * | $2.76 | $60.71 |
| **Total** | **$237.44** | **$5,172.95** |

| TAXES | CURRENT | YEAR TO DATE |
|---|---|---|
| FEDERAL TAX | $177.04 | $3,964.63 |
| SOCIAL SECURITY | $111.24 | $2,401.86 |
| MEDICARE | $26.02 | $561.73 |
| **Total** | **$314.30** | **$6,928.22** |

| | CURRENT | YEAR TO DATE |
|---|---|---|
| **NET PAY** | **$1,283.82** | **$28,736.74** |

All Material Walmart Confidential. © 2020

https://one.walmart.com/services/onlinepaystub/OnlinePaystub/jsp/psDis...



| Net Pay |
| Deductions |
| Taxes |

10/10 - 10/23

| PTO | HRS |
| --- | --- |
| PTO AVAILABLE | 72.87 |
| SICK AVAILABLE | 69.58 |
| PROTPTOUSEDYTD | 10.00 |
| PROTECTED PTO | 76.52 |

| CATEGORY | |
| --- | --- |
| Pay Category | Hourly |

| FEDERAL TAX WITHHOLDING | |
| --- | --- |
| Tax Method | Single |
| Exemptions | 0 |
| Additional Withholding | $0.00 |

| STATE TAX WITHHOLDING | |
| --- | --- |
| Tax Method | Single |
| Exemptions | 0 |
| Additional Withholding | $0.00 |

11/5/2020, 5:57 PM

Online Paystub

https://one.walmart~ ~m/services/onlinepaystub/OnlinePaystub/jsp/psDis...

## Statement of Earnings and Deductions.

Wal-Mart Associates, Inc., 702 S.W. 8th St., Bentonville, Arkansas 72716. ✆ 479-273-4000

**Pay Period: 06/20/2020 - 07/03/2020**



Deposit Date: 07-09-2020
Advice # 530671732

**PAID TO**
### CHRISTOPHER R NELSON

**$1,289.08**

RENO, NV

Wells Fargo
THIS IS NOT A REAL CHECK

CHECK DEPOSIT

xxxxxx

$1,289.08

| EARNINGS | HOURS | RATE | CURRENT | YEAR TO DATE |
|---|---|---|---|---|
| REGULAR EARNING | 79.88 | $22.6000 | $1,805.29 | $21,244.38 |
| OVERTIME EARN | 0.80 | $33.9000 | $27.12 | $27.12 |
| LUMP SUM HRLY | | | $0.00 | $600.00 |
| PROT PTO USED | | | $0.00 | $223.00 |
| PTO PAY | | | $0.00 | $1,353.00 |
| CO STK CONT | | | $10.50 | $84.00 |
| REIMB NONTXBL | | | $0.00 | $1,192.24 |
| WHSE INCENTIVE | | | $0.00 | $904.33 |
| WRKDHRS | 80.68 | | | |
| **Total** | | | **$1,842.91** | **$25,688.07** |

| DEDUCTIONS | CURRENT | YEAR TO DATE |
|---|---|---|
| INS MEDICAL * | $29.20 | $407.69 |
| INS DENTAL * | $8.30 | $116.19 |
| INS AD&D * | $0.97 | $13.57 |
| INS STD | $6.23 | $82.78 |
| 401K * | $109.94 | $1,461.09 |
| CO STK CONT | $10.50 | $84.00 |
| STOCK PURCH | $70.00 | $560.00 |
| INS VIS * | $2.76 | $38.63 |
| **Total** | **$237.90** | **$3,243.95** |

| TAXES | CURRENT | YEAR TO DATE |
|---|---|---|
| FEDERAL TAX | $178.10 | $2,415.02 |
| SOCIAL SECURITY | $111.70 | $1,483.02 |
| MEDICARE | $26.13 | $346.84 |
| **Total** | **$315.93** | **$4,244.88** |

| | CURRENT | YEAR TO DATE |
|---|---|---|
| **NET PAY** | **$1,289.08** | **$18,199.24** |

**CURRENT PAY OVERVIEW**

All Material Walmart Confidential. © 2020

11/5/2020, 6:10 PM



**06/20 - 07/03**

| PTO | HRS |
|---|---|
| PTO AVAILABLE | 59.97 |
| SICK AVAILABLE | 85.58 |
| PROTPTOUSEDYTD | 10.00 |
| PROTECTED PTO | 55.51 |
| PERS HRS AVAIL | 0.01 |

**CATEGORY**

| Pay Category | Hourly |
|---|---|

**FEDERAL TAX WITHHOLDING**

| Tax Method | Single |
|---|---|
| Exemptions | 0 |
| Additional Withholding | $0.00 |

**STATE TAX WITHHOLDING**

| Tax Method | Single |
|---|---|
| Exemptions | 0 |
| Additional Withholding | $0.00 |