Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff
and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER NELSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No. 3:21-cv-00066-MMD-CLB<br><br>**[PROPOSED] ORDER APPROVING FLSA NOTICE** |

The Court Orders as follows:

1. The Court adopts the attached Notice and Consent to Join form for use in this case.

2. Notice of this lawsuit will be sent to all current and former employees of Defendant who fall within the definitions for the following two (2) FLSA classes:

| | |
|---|---|
| **FLSA Dry Section Class:** | All non-exempt hourly paid food distribution warehouse employees who (i) were employed by Defendant in the United States at any time within 3 years from the filing of the original complaint in this action, (ii) worked in the dry section of the food distribution warehouse, and (iii) were required to retrieve a scanner, printer, or other electronic device pre-shift. |
| **FLSA Cold Section Class:** | All non-exempt hourly paid food distribution warehouse employees who (i) were employed by Defendant in the United States at any time within 3 years from the filing of the original complaint in this action, (ii) worked in the cold section of the food distribution warehouse, and (iii) were required to don cold storage personal protective equipment (PPE) pre-shift. |

3. If it has not already done so, within fourteen (14) days of the date of this Order, Defendant will provide to Plaintiff's counsel a list in computer-readable format of the: (a) full name; (b) current home address or last known address; (c) telephone number; (d) email address; and (e) Social Security number of each person who falls in the definitions set forth in paragraph two (2) of this Order. Plaintiff's counsel will treat this information as confidential and will not disclose it to third parties.

4. Within twenty-one (21) days of the date of this Order, Plaintiff's counsel, or a claims administration company that Plaintiff's counsel selects to process the mailing and opt-in forms (hereinafter collectively referred to as "Claims Administrator") shall mail a Notice, a Consent to Join form, and a postage pre-paid return envelope, to each person identified on the list discussed in Paragraph 3 of this Order.

5. The Claims Administrator shall establish a website repository containing printer-friendly versions of the Class Notices and Consent to Join forms, any other documents the parties wish to make available, and contact information for the notice administrator and Plaintiff's

counsel, including a Consent to Join form that may be completed online, so long as the online form provides a means by which the individual signifies his or her assent to the statements listed on the form comparable to signature, such as by checking a box on a web page.

6. Plaintiff may commence a social media campaign on websites geared to reach the target audience directly and provide putative class members with the contact information for the notice administrator and Plaintiff's counsel as well as the website containing the electronic Notice and Consent to Join forms.

7. Any person who wishes to opt in to this lawsuit must properly complete the Consent to Join form and return it to Plaintiff's counsel or the Claims Administrator via hard copy by U.S. Mail or through a Web form.

8. If any notice package is returned undeliverable, the Claims Administrator will, within fourteen (14) days thereafter, use the Social Security number provided by Defendant and attempt to obtain an alternative address for that addressee and mail the notice package to that alternate address. The Claims Administrator will keep record of: (a) the date on which any notice package is returned undeliverable; (b) the date on which the undeliverable notice package is sent to an alternate address; and (c) any updated addresses.

9. Plaintiff's counsel or the Claims Administrator will date-stamp and number each properly completed Consent to Join form and accompanying envelope (if any) that is sent to them. Plaintiff's Counsel will send a copy of Consent to Join forms it receives to counsel for Defendant on each Friday after the initial mailing.

10. Plaintiff's counsel will file the list of the people who timely returned Consent to Join forms identified above with the Court within thirty days after receipt or earlier. Plaintiff's counsel will retain a copy of the list and the envelope in which the Consent to Join forms were received.

**IT IS SO ORDERED.**

DATED:

                                               U.S. DISTRICT COURT JUDGE

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thermanbuck.com www.thermanbuck.com