Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs and all others similarly situated.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER NELSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 3:21-cv-00066-MMD-CLB<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE INCENTIVE PAYMENTS** |

///

///

///

COMES NOW Plaintiff CHRISTOPHER NELSON, on behalf of himself and all others similarly situated ("Plaintiffs"), by and through their attorneys of record, and hereby moves this honorable Court pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act (FLSA) for an order:

(1) Finally approving the collective and class action settlement with Defendant Wal-Mart Associates, Inc. (hereinafter "Defendant" or "Wal-Mart");

(2) Finally certifying the Rule 23 Classes for purposes of settlement;

(3) Approving the Class Representative incentive payments;

(4) Approving Class Counsel's fees and costs; and

(5) Approving the costs of the Settlement Administrator.

This motion is based on this motion, the following memorandum of points and authorities in support thereof, the Settlement Agreement (ECF No. 82-1)[1], the declarations filed in support of this motion and all accompanying exhibits, all other pleading papers and records on file herein, all matters upon which judicial notice may be taken, any oral argument that may be presented, and upon such other matters the Court deems just and necessary.

Dated: November 17, 2023

Respectfully Submitted,

THIERMAN BUCK, LLP

/s/Joshua D. Buck
Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Joshua R. Hendrickson
*Attorneys for Plaintiffs*

---

[1] This Unopposed Motion for Final Approval of Class and Collective Action Settlement, Attorneys' Fees and Costs, and Class Representative Incentive Payments ("Motion for Final Approval") incorporates by reference the definitions in the Settlement Agreement and terms used herein shall have the same meanings as set forth in the Agreement.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On September 26, 2023, the Court entered an order granting preliminary approval of the settlement in the above captioned case. *See* Order Granting Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, ECF No. 85 (the "Preliminary Approval Order"). In addition to preliminarily approving the overall settlement, the Preliminary Approval Order conditionally certified the Settlement Classes, approved a notice of preliminary approval to class members, scheduled the Final Approval Hearing, and confirmed the selection of Phoenix Settlement Administrators ("Phoenix") as the Settlement Administrator. *Id.*

Of note, the Preliminary Approval Order was signed by the Honorable Chief Judge Miranda M. Du on August 15, 2023; more than a month prior to its entry and dissemination to the Parties on September 26, 2023. Consequently, the Notice process was delayed by more than a month in this action which in turn caused the end of the Claims period to fall in close proximity to the December 18, 2023, final approval hearing date set by the Court in its Preliminary Approval Order. As set forth in section II below, the Claims period is still open and the deadline for Settlement Class Members to postmark their Claim Forms is December 11, 2023.

The Preliminary Approval Order also set a deadline of November 17, 2023, for Plaintiffs to file this Motion for Final Approval. Accordingly, Plaintiffs submit this Motion for Final Approval to the Court, detailing the Notice process up to this point and requesting final approval of the class and collective action settlement, including approval of the Class Representative incentive payments and Class Counsel's fees and costs. As the claims period is still open, Plaintiffs will file a supplemental declaration from the Settlement Administrator no later than December 15, 2023, containing updated numbers of Claim Forms, Exclusion Letters, and any Objections timely received by the Settlement Administrator in advance of the December 18, 2023, final approval hearing. *See* Declaration of Joshua D. Buck ("Buck Dec.") attached hereto at ¶ 12. Further, considering that the December 11, 2023, deadline for Claim Form submissions is a *postmark* deadline, and given the natural slowdown in mail processing times during the holiday season, the Settlement Administrator will submit a second supplemental declaration shortly after

the December 18, 2023, final approval hearing should any additional timely claim forms be received by the Settlement Administrator.

## II.     SUMMARY OF THE NOTICE PROCESS

A summary of the litigation, terms of the Settlement Agreement, and fairness and adequacy of the Settlement are set forth in the motion for preliminary approval and related declarations (ECF No. 81), which Plaintiffs incorporate by reference.

Defendant provided Phoenix with the last known addresses of all Settlement Class Members on May 8, 2023. *See* Declaration of Jarrod Salinas Regarding Notice and Settlement Administration ("Claims Admin Dec."), attached hereto, at ¶ 4. On October 26, 2023, 30 days after the Court entered the Preliminary Approval Order[2], Phoenix mailed Notices to 5,259 Class Members in the form approved by the Court. *Id.* at ¶ 6. The Notice provided that these 5,259 Class Members have until December 11, 2023, to submit a Claim Form, Exclusion Letter, or objection to the Settlement. *Id.* at ¶¶ 9-11. Of the Notices mailed to Class Members, fifty-five (55) have been returned thus far. *Id.* at ¶ 7. For each of these returned Notices, Phoenix performed an address search and was able to locate and re-mail all fifty-five (55) notices. *Id.*

### A.     Class Member Responses as of November 16, 2023

The postmark deadline for submitting a Claim Form is December 11, 2023. *Id.* at ¶ 9. As of November 16, 2023, Phoenix has received twenty-nine (29) valid Claim Forms, zero (0) Exclusion Letters, and zero (0) objections. *Id.* at ¶¶ 9 – 11. Because the Notice period remains open until December 11, 2023, the number of valid Claim Forms received will likely increase significantly prior to the final approval hearing. Accordingly, Phoenix will submit a supplemental declaration no later than December 15, 2023, containing updated numbers of Claim Forms, Exclusion Letters, and any Objections timely received by the Settlement Administrator in advance of the December 18, 2023, final approval hearing. *See* Buck Dec. at ¶ 12.

---

[2] The Preliminary Approval Order directed Phoenix to mail Notices to Settlement Class Members "no later than 30 days from the date the Court signs this Order granting preliminary approval of the settlement." As outlined above in section I, the Preliminary Approval Order was entered and disseminated to the Parties more than 30 days after it was signed by the Honorable Chief Judge Miranda M. Du. As such, Phoenix mailed Notices to Settlement Class Members within 30 days of the entry of the Preliminary Approval Order.

## III.    ARGUMENT

Three steps must be satisfied for final approval of the Settlement Agreement. First, the Court must finally certify the Settlement Classes. Second, the Court must find that the Settlement Class Members received adequate notice under Federal Rule of Civil Procedure 23(c)(2)(B). Third, the Court must decide whether the Settlement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2); *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (discussing Rule 23(e)(2) standard). These requirements are all met.

### A.    The Settlement Classes Should be Finally Certified

In the Preliminary Approval Order, this Court conditionally certified the Nevada Settlement Class and the South Carolina Settlement Class under Rule 23 of the Federal Rules of Civil Procedure and the FLSA. *See* ECF No. 85, p. 2:6-22. The same analysis applies here, so the Classes should be certified for settlement purposes under Rule 23(e), for the same reasons set forth in Plaintiffs' motion for preliminary approval of the Settlement. *See* ECF No. 81, at pp. 12-15.

### B.    Rule 23(c)'s Notice Requirements Have Been Met

A class action certified under Rule 23(b)(3) must satisfy the Rule 23(c)(2) notice provisions, and upon settlement, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(l). Rule 23(c)(2) requires the "best notice that is practicable under the circumstances, including individual notice" of particular information. Fed. R. Civ. P. 23(c)(2)(B) (enumerating notice requirements for classes certified under Rule 23(b)(3)).

This Court approved the Notice and the Notice Plan in its Preliminary Approval Order. As described in section II above, Phoenix implemented the Notice Plan. Thus far, it appears that 100% of the Class Members have received the Notice, (*see* Claims Admin Dec. at ¶¶ 6-8), which far exceeds the constitutional requirement for notice. The Notice itself also exceeded the constitutional requirements to inform Class Members about the Settlement, in general, and the amount of Settlement funds that were personalized for each Class Member. The Notice informed Class Members of the nature of the action, the terms of the proposed settlements, the effect of

the action and the release of claims, as well as class members' right to exclude themselves from the action and their right to object to the proposed settlements. This Notice complies with all of the requirements of Rule 23.

### C. The Settlement is Fair, Adequate and Reasonable

The "decision to approve or reject a settlement is committed to the sound discretion of the trial judge," who "is exposed to the litigants and their strategies, positions, and proof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). But the "court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Rodriguez v. West Pub. Co.*, 563 F.3d 948, 965 (9th Cir. 2009) (citation and internal quotation marks omitted).

In the Ninth Circuit, "voluntary conciliation and settlement are the preferred means of dispute resolution," which is "especially true in complex class action litigation." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (internal quotation marks and citation omitted). There "is an overriding public interest in settling and quieting litigation," which is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). A "presumption in favor of voluntary settlement agreements" exists, and "this presumption is especially strong in class actions and other complex cases … because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 311 (3d Cir. 2011) (internal citation and quotation marks omitted).

In determining whether a settlement agreement is fair, adequate, and reasonable, the Court must weigh some or all of the following factors: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel;

(7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). All of these factors support final approval of the Settlement Agreement.

### 1. The strength of Plaintiffs' case supports final approval

In assessing the strength of Plaintiffs' case, the Court should not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 at 625 (9th Cir. 1982). Instead, the Court is to "evaluate objectively the strengths and weaknesses inherent in the litigation and the impact of those considerations on the parties' decisions to reach these agreements." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989). The Court's assessment of the likelihood of success is "nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice*, 688 F.2d at 625 (internal citations omitted).

Here, the Settlement represents a compromise between experienced counsel for Plaintiffs and Defendant based upon each Party's honest assessment of the legal and factual strengths and weaknesses of their respective positions. Class Counsel represents that they have conducted a thorough investigation into the facts of this case and have diligently pursued an investigation of the claims against Defendant, including, but not limited to: (i) reviewing relevant documents; (ii) researching the applicable law and the potential defenses; (iii) developing the arguments for class and conditional certification and other significant issues; (iv) litigating these issues at the District Court; and (v) advocating for the rights of the putative classes. *See* Buck Dec. at ¶ 10. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by Defendant, trial risk, and appellate risk. *Id.*

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged and contends that this Litigation is not appropriate for class or collective certification pursuant to the FLSA, FRCP 23 or any other federal or state rule, statute, law, or provision. *See*

Settlement Agreement at ¶ 3.9. Defendant continues to assert that the Litigation fails to meet the prerequisites necessary for class or collective action treatment under applicable law. *Id.* Defendant further asserts that it has complied with all applicable provisions of federal or state statutory and common law. *Id.* Defendant further states that, despite its good-faith belief that it is not liable for any of the alleged claims, and despite its good-faith belief that certification is not appropriate, Defendant does not oppose the District Court's certification of the Settlement Classes solely for purposes of effectuating this Settlement. *Id.* Other than for purposes of this Settlement, Defendant does not waive its objections to certification of the Settlement Classes, or any other class, in this Litigation.

In short, the class, liability, and damage issues in this case were all hotly contested. The Parties reached this Settlement following the exchange of numerous position statements, informal discovery, and with the assistance of the Honorable Gene T. Porter, Ret. in mediation.

2. <u>The risk, expense, complexity, and duration of further litigation supports final approval</u>

Federal and state hybrid wage and hour cases, such as this one, present unique challenges that support final approval. First, as this Court is aware, the cost of ongoing litigation can be significant. While Class Counsel has already expended thousands of dollars in costs in litigating this action to the current stage, significant litigation costs remained, such as trial witness fees and costs (including experts).

Second, beyond the actual litigation costs that could potentially limit class member recoveries had this case proceeded, the risk, complexity and duration of further litigation supports early resolution. This action could be subject to legal and factual challenges that would potentially delay justice for years to come such as the risk that a class might not be certified pursuant to FRCP 23, may be decertified pursuant to the FLSA, and may be subject to additional appellate proceedings. Defendant advanced numerous potentially dispositive defenses in this matter including, among other things, the arguments that the claims are individualized and, therefore, not susceptible to class or collective treatment, Defendant had policies in place that prohibited off-the-clock work and had no knowledge of the alleged off-the-clock work pursuant

to the FLSA, or the time it took employees working in the dry sections to retrieve a scanner, printer, or other electronic device pre-shift prior to clocking in or for employees working in the perishable sections to don cold storage PPE pre-shift prior to clocking in, and that any time spent were deviations from Defendant's policies and were also de-minimus. The Settlement brings significant relief to the Settlement Classes in light of these risks. Therefore, this factor also supports final approval of the Settlement.

### 3. The risk of maintaining class action status through trial

As discussed in section III.C.2. directly above, Plaintiffs have faced and would continue to face significant risks in maintaining the FLSA conditional certification in this matter and in obtaining class certification under FRCP 23 if this litigation were to proceed. Thus, this factor, too, favors final approval of the settlement.

### 4. The amount offered in settlement supports final approval

"[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (internal quotation marks omitted). A settlement may be fair and reasonable even if it provides only a fraction of what could have been obtained at trial. *See e.g., Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (compromise is essence of settlement); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 & n.2 (2d Cir. 1974) abrogated on other grounds (that proposed settlement may amount to only a fraction of potential recovery does not mean the proposed settlement is inadequate and should be disapproved).

Here, the maximum Class Settlement Amount of $1,450,000.00 is reasonable when balanced against the possible outcome of further litigation and potential appeals. Of the $1,450,000.00 maximum settlement amount, $888,670.62 was made available to Settlement Class Members representing more than 60% of the maximum settlement amount. Buck Dec. at ¶ 9. While the exact amounts of settlement payments cannot be calculated until after the close of the Claims period on December 11, 2023, the net amount of $888,670.62 represents a reasonable recovery for the Class, even without accounting for the risks that class treatment under FRCP 23 would be denied, the potential for decertification under the FLSA, or that Defendants would

1   prevail on the merits. *Id.* at ¶¶ 8 – 11. *See Villegas v. JP Morgan Chase & Co.*, No. CV 09-00261
2   SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012); *In re Mega Fin.*, 213 F.3d at
3   459.  In sum, this factor also weighs in favor of a finding that the terms of the Settlement are fair,
4   adequate, and reasonable.

### 5. The extent of discovery completed, and stage of proceedings supports final approval

This Settlement, following sufficient discovery and genuine arms-length negotiation, is presumed fair. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996). As discussed in the motion for preliminary approval, the Parties engaged in extensive settlement discussions and informal discovery of the claims and defenses, including reviewing employment data and analyzing the relevant facts and authority. By the time the Parties agreed to discuss settlement, the Parties were well-versed in the facts and law applicable to the issues and had evaluated the merits of their claims and defenses. *See Tijero v. Aaron Bros., Inc.*, 301 F.R.D. 314, 324 (N.D. Cal. 2013). At the time the Settlement was reached, the Parties "ha[d] a clear view of the strengths and weaknesses of their cases." *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985). In class action settlements, formal discovery is not needed where the parties have adequate information to make an informed decision about settlement. *Linney*, 151 F.3d at 1239. Here, this was clearly the case and thus, this factor weighs in favor of final approval.

### 6. The experience and views of Class Counsel support approval

"The recommendations of plaintiffs' counsel should be given a presumption of reasonable-ness." *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (citation and internal quotation marks omitted). Here, Class Counsel—wage and hour collective and class action specialists with many years of experience—support the Settlement. *See* Buck Dec. at ¶¶ 2, 10. Because Class Counsel are closely acquainted with the underlying litigation, significant "weight is accorded to the recommendation of counsel." *Nat'l Rural*, 221 F.R.D. at 528 (quoting *In re Paine Webber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997)). Plaintiffs are represented by counsel with broad experience in complex employment litigation.

*See generally* Buck Dec. Plaintiffs' counsel recommends that the Settlement be approved since they believe it is fair, reasonable, and adequate to the proposed class and because it reflects a reasoned compromise that takes into consideration the inherent risks in all employment class litigation and in particular this action. *See Nat'l Rural, supra*. Given the experience of the attorneys involved in this litigation, the Court should credit counsels' view that the settlement is fair, reasonable, and adequate. *See Rodriguez*, 563 F.3d at 967 (parties represented by capable counsel better positioned than courts to produce a settlement that fairly reflects each party's expected outcome). Accordingly, this factor weighs in favor of final approval as well.

### 7. The non-presence of a government participant supports final approval

"No governmental entity participated in this matter; this factor, therefore, is irrelevant to the Court's analysis." *Zepeda v. PayPal, Inc.*, No. C 10-2500, 2017 U.S. Dist. LEXIS 43672, at *48 (N.D. Cal. Mar. 24, 2017). *Accord, Sciortino v. PepsiCo, Inc.*, No. 14-cv-00478, 2016 U.S. Dist. LEXIS 83937, at *20 (N.D. Cal. June 28, 2016) ("Because there is no government participant in this case, this factor is inapplicable.").

### 8. The reaction of the Classes supports final approval

The absence of any objections to a proposed class action settlement raises a strong presumption that the terms of a proposed settlement are favorable to the class members. *Nat'l Rural*, 221 F.R.D. at 529; *Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 WL 2721452, at *5 (S.D. Cal. July 7, 2010). As of November 16, 2023, zero (0) Class Members have sought to be excluded from the Settlement and zero (0) Class Members have objected to the Settlement. *See* Claims Admin Dec. at ¶¶ 10, 11. The reaction of the Class thus far supports final approval.

As the deadline for Class Members to submit Exclusion Letters or Objections to the Settlement isn't until December 11, 2023, Plaintiffs will file a supplemental declaration from the Settlement Administrator no later than December 15, 2023, containing updated numbers of Claim Forms, Exclusion Letters, and any Objections timely received by the Settlement Administrator in advance of the December 18, 2023, final approval hearing.

**D.     The Class Representative Incentive Payments Should Be Approved**

Named Plaintiff Christopher Nelson has requested $15,000.00 as a class representative incentive payment for the services he rendered to the Classes, which is separate from any other amount he is entitled to receive under the Settlement as a member of the Settlement Class. Plaintiffs are also requesting $5,000.00 each in class representative incentive payments for opt-in plaintiffs and Class Representatives Monica Shulze, Marcella Bostrom, and Donna Karsten, separate from any other amount they are entitled to receive under the Settlement as a members of the Settlement Classes.  Such enhancements are routinely awarded to compensate plaintiffs for the services they provide in prosecuting a class action. *See, e.g., Ingram v. Coco-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga 2001) (enhancement awards of $30,000 to each named plaintiff for services provided to class); *see also Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (approving $50,000 participation award).

The requested incentive awards totaling $30,000.00 are reasonable in light of the assistance provided by the Class Representatives. *See In Lo Re v. Chase Manhattan Corp.*, No. 76 Civ. 154 (MJL), 1979 WL 236, at *6 (S.D.N.Y. May 25, 1979).  Specifically, Class Representatives provided relevant documents to counsel, frequently communicated with counsel by telephone and email, reviewed documents including the settlement documents, participated in the negotiation process, and provided invaluable assistance to Plaintiffs' Counsel in explaining Defendant's alleged compensation policies and procedures and in providing information to assist in the settlement negotiations. *See* Buck Dec at ¶¶ 14, 15.  In addition, if Plaintiffs did not prevail, as Class Representatives they could have been liable for Defendant's costs. *See generally*, Declaration of Christopher Nelson, Declaration of Monica Schulze, Declaration of Marcella Bostrom, and Declaration of Donna Karsten, attached hereto.

The Settlement Class Members were notified of the requested incentive payments totaling $30,000.00 for Class Representatives and none have objected thus far. *See In Lo Re*, 1979 WL 236, at *6 (no class member objections indicates approval of enhancement awards).  In sum, because of the Plaintiffs, this litigation has resulted in a valuable benefit to the Settlement Classes. Thus, the incentive awards should be approved.

**E.    Class Counsel's Fees and Costs Award Should Be Approved**

1.    <u>Class Counsel's Fees and Costs Award is Properly Calculated as a Percentage of the Total Settlement Fund</u>

The Federal Rules of Civil Procedure expressly authorize an award of reasonable attorneys' fees and costs in a certified class action pursuant to the Parties' agreement or to the extent otherwise authorized by law.  *See* Fed R. Civ. P. 23(h).  Here, Class Counsel's fee award request is 33 percent of the gross Settlement Fund.  The requested amount is less than the attorneys' fees Plaintiffs agreed to pay on a contingency basis (35 percent) and is less still than the market rate of 40 to 50 percent in other types of contingency cases.  Therefore, the requested amount is presumptively fair, reasonable, and appropriate.

Under the "common fund" doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  The purpose of the common fund approach is to "spread litigation costs proportionally among all the beneficiaries so that the active beneficiary does not bear the entire burden alone."  *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).

In *Boeing*, the Supreme Court specifically addressed "whether a proportionate share of the fees awarded to lawyers who represented the successful class may be assessed against the unclaimed portion of the fund."  *Boeing*, 444 U.S. at 473.  The Supreme Court found the total amount of the fund the proper denominator, approving fees of approximately $2,000,000.00 on a settlement valued at $7,000,000.00 where claims totaled $706,600 of $1,544,300 in unconverted debentures at issue, or 47% of the total.  The court found that any latent reversionary right the defendant possessed contingent on the failure of absentee class members to exercise their present rights of possession did not defeat each class member's equitable obligation to share the expenses of the litigation.  *Id.* at 481-82.

Moreover, in *Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026 (9th Cir. 1997), the gross settlement fund was $4.5 million, the Parties agreed to 33 1/3 % of the total value for attorneys' fees, and the amount of the claims totaled just $10,000.  The district court assessed

the attorneys' fees as approximately 33% of the $10,000 amount claimed. The Ninth Circuit reversed, holding the fee award should have been based on 33% of the total settlement amount of $4.5 million as agreed upon by the Parties: "[T]he court abused its discretion by basing the fee on the class members' claims against the fund rather than on a percentage of the entire fund . . . ." 129 F.3d at 1027.

Under these principles, a percentage of the common fund fee award is properly based on the total settlement value of $1,450,000.00 in this case. Class counsel's request for 33% of this amount ($478,500.00) is fair compensation for undertaking complex, risky, expensive, and prolonged litigation solely on a contingency basis. *See* Buck Dec. at ¶ 17. The request is in line with attorneys' fees awards in other wage-and-hour class actions. *See e.g., Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 450-51 (E.D. Cal. 2013) (gathering cases and awarding 33% of total settlement amount).

Notwithstanding the beneficial nature of a percentage of recovery method, Class Counsel has also devoted significant hours to the case to date—e.g., pre-filing investigations, complaint drafting, motion practice, reviewing data/information pertaining to Plaintiff's claims, direct settlement discussions, participation in the mediation process, and drafting settlement documents. Moreover, the Notice provided to Class Members plainly disclosed that $478,500.00 of the Settlement would be allocated to pay attorneys' fees.

Class Counsel has incurred a total of $14,079.38 in costs during the course of this litigation. *See* Buck Dec. at ¶ 18. This amount is less than the cap of $15,000.00 listed in the Notice to the Classes, to which no Class Members have objected thus far.

Accordingly, the attorneys' fees and costs amounts should be finally judged as fair and reasonable. No Class Member has objected to the Settlement in general or the attorneys' fees and costs thus far. *See* Claims Admin Dec. at ¶ 11. If this remains the case through the end of the objection period on December 11, 2023, it will be an overwhelming indication that the fee and cost award sought is fair, reasonable, and appropriate. Accordingly, Class Counsel's fee and cost award should be approved.

**F.     The Class Should Be Finally Certified**

The Court has already conditionally certified the Settlement Classes for settlement purposes. Preliminary Approval Order, p. 2:6-22. As of November 16, 2023, no Class Members have objected to the Settlement or appointment of Class Counsel or the Class Representatives. For this reason, in addition to the reasons stated in the motion for preliminary approval, the Court should finally certify the Settlement Classes.

**IV.     CONCLUSION**

For all the reasons set forth above, Plaintiffs respectfully requests that the Parties' Collective and Class Action Settlement be finally approved and seek an Order from this Court for the following:

(1) Finally approving the collective and class action settlement;

(2) Finally certifying the Rule 23 Classes for purposes of settlement;

(3) Approving the Class Representative incentive payments;

(4) Approving Class Counsel's fees and costs; and

(5) Approving the costs of the Settlement Administrator.

Dated: November 17, 2023                         Respectfully Submitted,

                                                 THIERMAN BUCK, LLP

                                                 /s/Joshua D. Buck
                                                 Mark R. Thierman
                                                 Joshua D. Buck
                                                 Leah L. Jones
                                                 Joshua R. Hendrickson
                                                 *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this date I electronically transmitted the foregoing **PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE INCENTIVE PAYMENTS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Anthony L. Martin
anthony.martin@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135

*Attorneys for Defendant*
*Wal-Mart Associates, Inc.*

DATED: November 17, 2023

　　　　　　　　　　　　　　　　　　　　*/s/Brittany Manning*
　　　　　　　　　　　　　　　　　　　　An Employee of Thierman Buck LLP