Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs and all others similarly situated.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER NELSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No. 3:21-cv-00066-MMD-CLB<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

On  December 18, 2023 , this Court considered the Unopposed Motion for Final Approval of Class and Collective Action Settlement. Counsel for Plaintiffs and Defendant appeared at the hearing. Having fully considered the motion, comments of Counsel, and all supporting legal authorities, the Court orders as follows:

IT IS HEREBY ORDERED THAT:

1. The Court adopts the defined terms in the Settlement Agreement.

2.   This Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over the named Plaintiffs, all Settlement Class Members, and Defendant.

3.   The Court confirms as final the following settlement classes pursuant to Federal Rule of Civil Procedure ("FRCP") 23 and Nevada Rule of Civil Procedure ("NRCP") 23:

a.   <u>Nevada Settlement Class</u>: Christopher Nelson, Marcella Bostrom, Donna Karsten and all other Walmart hourly associates who worked at the McCarran, Nevada Distribution Center during the Settlement Class Period and who either (i) worked in the dry section of the McCarran, Nevada Distribution Center and were required to retrieve a scanner, printer, or other electronic device pre-shift prior to clocking in, or (ii) worked in the perishable section of the McCarran, Nevada Distribution Center and were required to don cold storage personal protective equipment (PPE) pre-shift prior to clocking in.

b.   <u>South Carolina Settlement Class</u>: Monica Schulze and all other Walmart hourly associates who worked at the Pageland, South Carolina Distribution Center during the Settlement Class Period and who either (i) worked in the dry section of the Pageland, South Carolina Distribution Center and were required to retrieve a scanner, printer, or other electronic device pre-shift prior to clocking in, or (ii) worked in the perishable section of the Pageland, South Carolina Distribution Center and were required to don cold storage personal protective equipment (PPE) pre-shift prior to clocking in.

4.   The Court confirms the appointment of Named Plaintiffs Christopher Nelson and opt-in plaintiffs Marcella Bostrom, Donna Karsten, and Monica Schulze as Class Representatives and the Court approves Incentive Payments for the following amounts: $15,000.00 to Christopher Nelson and $5,000.00 each to Plaintiffs Marcella Bostrom, Donna Karsten, and Monica Schulze.

5.   The Court confirms the appointment of Thierman Buck LLP as Class Counsel for the Settlement Class and approves their requests for attorneys' fees and litigation costs of $478,500.00 and $14,079.038 respectively.

6. The Class Notice was distributed to Class Members, pursuant to this Court's order and fully satisfied the requirements of FRCP 23 and any other applicable law.

7. Pursuant to FRCP 23(e), the Court grants final approval to this Settlement and finds that the Settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Incentive Payment provisions. The Court specifically finds that the Settlement confers a substantial benefit to Settlement Class Members, considering the strength of Plaintiffs' claims and the risk, expense, complexity, and potential duration of further litigation. The response of the Class supports Settlement approval. No Class Members objected to the Settlement and no one requested exclusion from the Settlement. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement in accordance with the standards set forth in the Motion for Final Approval of Settlement.

8. The Court finds that, as of the date of this Order, each and every Class Member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement.

9. The Court finds that the Claims Administrator Phoenix Class Action Administration Solutions is entitled to $38,750.00 for administrative fees.

10. The Court directs the Parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Claims Administrator to calculate and pay the claims of the Class Members in accordance with the terms set forth in the Settlement Agreement.

11. The Court retains jurisdiction to enforce the terms of the Settlement, including the payment of the Class Settlement Amount.

IT IS SO ORDERED, this 18th day of December, 2023.

_____
United States District Court Judge

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com